NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
Assistant United States Attorney
Ethan.Knight@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:21-cr-295-HZ |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| CHRYSTAL WILLIAMS | |
| Defendant. | |

**Factual Background**

**A.      The Offense Conduct**

Defendant is a long-time drug addict who passed bad checks at multiple banks to support her habit.  Her scheme was straightforward: She made seven unauthorized deposits using checks from seven different victims in the summer of 2020.  In each instance, a check made payable to defendant was drawn from the account of a different victim – without the victim's permission – and then deposited into a business account controlled by defendant.  The actual loss amount was $39,980.54, and the additional intended loss (for a check that did not clear) was $58,522.35, resulting in a total loss amount of $98,502.89.

**Government's Sentencing Memorandum**                                                    **Page 1**

The case initially came to the attention of federal law enforcement officials because many of the stolen checks passed by defendant were taken in a large-scale burglary of the Eagle Creek Post Office.  The government does not believe defendant was responsible for that burglary.

### B.    The Charges

Defendant was charged in a 14-count indictment with seven counts of Aggravated Identity Theft and Bank Fraud.

### C.    The Plea Agreement & Guideline Computations

On July 6, 2023, defendant pleaded guilty to counts 8-14 of the Indictment, charging her with Bank Fraud in violation of 18 U.S.C. § 1344.  The government will dismiss the remaining counts at sentencing.  The parties agree with the Presentence Report ("PSR") that defendant is in criminal history category II.  The parties also agree with the following guideline calculations:

| Enhancement | Government's Position |
|---|---|
| Base—<br>USSG § 2B1.1(a)(1) | 7 |
| Loss—<br>USSG § 2B1.1(b)(1)(E)<br>more than $95,000 and less than $150,000 | 8 |
| Acceptance of Responsibility—<br>USSG § 3E1.1 | -2 |
| 18 U.S.C. § 3553 (*agreed upon variance*) | -4 |
| **Government's Total Offense Level** | **9** |
| **Resulting Guideline Range at Criminal History Category II** (*Zone B*) | **4 – 10 months** |

/ / /

**Government's Sentencing Memorandum**                                                        **Page 2**

**Government's Recommended Sentence**

The government agrees with the PSR that the Court should impose a sentence of time served and three years of supervised release.  There are significant mitigating factors that support this sentence.

Pursuant to the plea agreement, the government recommends a four-level downward variance under 18 U.S.C. § 3553.  This recommendation is based on two factors.  First, it reflects defendant's performance in the community during her period of pre-trial release and suitability for community-based supervision.  As the PSR notes, defendant's performance has not been perfect.  She has had several positive tests for fentanyl.  (PSR 16).  However, defendant has otherwise worked towards maintaining a stable presence in the community and continues to participate in outpatient drug treatment. (PSR 17; 104).

The second basis for the recommended variance is her relatively minor culpability in the scheme.  The government has determined that defendant's role in the underlying offense was less aggravated than it initially assessed.  Although the underlying facts set forth above and in the plea agreement accurately reflect the defendant's conduct – and support her guilty pleas – the government now believes that defendant did not fully benefit from the scheme and may have been working at the direction of others.

Additionally, after reviewing the PSR (PSR 42 - 47), it is the government's position that a downward departure is warranted pursuant to USSG § 4A1.3(b)(1), because the calculated criminal history score overrepresents defendant's criminal history.  The defendant's agreed upon criminal history category is II.  (PSR 48).  However, the three points responsible for this score arise from misdemeanor convictions, one of which was a prostitution conviction that occurred

**Government's Sentencing Memorandum**                                    **Page 3**

while defendant was being trafficked. (PSR 44; 58). To this end, there is further support for the recommended sentence of time served and three years of supervised release.

**Restitution**

The parties agreed to restitution in the amount of $39,980.54.

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of time served, followed by a three-year term of supervised release, subject to the standard conditions, a $100 fee assessment, and restitution in the amount of $39,980.54.

Dated: November 8, 2023                    Respectfully submitted,

                                           NATALIE K. WIGHT
                                           United States Attorney

                                           */s/ Ethan D. Knight*
                                           ETHAN D. KNIGHT, OSB #992984
                                           Assistant United States Attorney

**Government's Sentencing Memorandum**                    **Page 4**